IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAMAI GOFF                                                                 PLAINTIFF

vs.                                  Civil No. 2:18-cv-02025

NANCY A. BERRYHILL                                           DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lamai Goff, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her application for DIB on November 17, 2015. (Tr. 16). In this application, Plaintiff alleges being disabled due to diabetes, high blood pressure, high cholesterol, back pain, depression, chronic pain, blurry vision. (Tr. 134). This application was denied initially and again upon reconsideration. (Tr. 16).

Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 70-71). Plaintiff's administrative hearing was held on February 21, 2017. (Tr. 28-43). At this hearing, Plaintiff was present but was not represented by counsel. *Id.* Plaintiff, her husband Kevin Goff, and

1

Vocational Expert ("VE") Larry Seifert testified at the hearing. *Id.* At the time of the hearing, Plaintiff was forty-six (46) years old and had a high school education. (Tr. 31, 135).

On April 26, 2017, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 16-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 18, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of September 9, 2013 through December 31, 2013. (Tr. 18, Finding 2).

The ALJ then determined Plaintiff had the following medically determinable impairments: diabetes mellitus, hypertension, asthma, depression, and anxiety. (Tr. 18 Finding 3). However, the ALJ also found that through the date last insured, Plaintiff did not have an impairment, or combination of impairments, that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, she did not have a severe impairment or combination of impairments. (Tr. 18 Finding 4). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 9, 2013, through December 13, 2013, the date last insured. (Tr. 18, Finding 5).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 109-112). The Appeals Council denied this request for review. (Tr. 1-6). On February 7, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

2.  **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or

2

mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to properly develop the record, and (B) in the evaluation of Plaintiff's impairments. ECF No. 15, Pgs. 1-4. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 16.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **10th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE